UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH,
#241580,

    Plaintiff,                                           Civil Action No. 21-CV-11039

vs.                                              HON. BERNARD A. FRIEDMAN

N. MALOUF, et al.,

    Defendants.
_____/

**<u>OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT</u>**

Plaintiff, a state inmate at the Macomb Correctional Facility, has filed the instant civil rights complaint pursuant to 28 U.S.C. § 1983 against four state parole agents and supervisors. Plaintiff claims that defendants unconstitutionally revoked his parole. For the following reasons, the Court shall dismiss the complaint.

Plaintiff alleges that in 2018, while he was on parole for an unspecified offense, his parole agent, defendant Malouf, told plaintiff that he would find a way to send plaintiff back to prison in retaliation for plaintiff's complaints about Malouf. *See* Compl. at PageID.6. Plaintiff admits that in February 2020, he absconded from parole and was captured in July 2020. *See id*. at PageID.7. He asserts that there were lesser sanctions that could have been imposed, but because of defendants' pre-existing desire to send him back to prison, they overcharged him with an unconstitutional Sex Offender Registration Act ("SORA") violation and otherwise lied during parole revocation proceedings to ensure his reincarceration. *See id.* at PageID.8. Plaintiff seeks reinstatement of his parole, departmental discipline for defendants, $3 million in damages, and a cessation of retaliatory conduct. *See id*.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and

plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotation marks and citation omitted).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is "frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief." 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff asserts that defendants revoked his parole using an illegal SORA charge as a pretense for what in actuality was an act of unconstitutional retaliation against plaintiff for his complaints against his parole officer. Pro se civil rights complaints are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the complaint in the present case fails to state a claim upon which relief may be granted.

A claim under § 1983 is an appropriate remedy for a prisoner challenging the "conditions of his prison life." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Here, however, plaintiff challenges the "the fact or length of his custody," which is the province of habeas corpus. *Id.* A ruling in favor of plaintiff's claims would necessarily imply the invalidity of the parole revocation and, therefore, the fact or duration of his confinement. Such claims generally cannot be raised under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Supreme Court has added that

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This doctrine applies to claims challenging state parole revocation proceedings. *See Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004); *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003).

The allegations in plaintiff's complaint challenge the propriety of the parole revocation decision itself, such that ruling in his favor would necessarily demonstrate the invalidity of his re-incarceration. Indeed, in addition to monetary damages, plaintiff seeks an order reinstating his parole. Plaintiff's civil rights complaint therefore must be dismissed without prejudice pursuant to *Heck* and its progeny. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

Nor may this Court recharacterize this civil rights complaint as a petition for a writ of habeas corpus. The Court will not convert the complaint into a habeas petition because, among other deficiencies, plaintiff has not yet exhausted his state court remedies as required by 28 U.S.C.

§ 2254(b)-(c). *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Accordingly,

IT IS ORDERED that plaintiff's complaint is dismissed without prejudice under 42 U.S.C. § 1997e(c) and 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

IT IS FURHTER OREEDERED that plaintiff may not proceed on appeal in forma pauperis because there is no good faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

|  |  |
|---|---|
| Dated: May 27, 2021<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 27, 2021.

| | |
|---|---|
| Sam Smith #241580<br>Macomb Correctional Facility<br>34625 26 Mile Road<br>New Haven, MI 48048 | s/Johnetta M. Curry-Williams<br>Case Manager |